UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ARNOLD RISPLER et al.,

                 Plaintiffs,       **DECISION AND ORDER**

    -against-                 04-CV-1323 (DLI)(ARL)

SOL SPITZ CO., INC. et al.,
                 Defendants.
-------------------------------------------------------------------x

**DORA L. IRIZARRY, U. S. District Judge:**

Both parties in the instant Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, matter object to U.S. Magistrate Judge Arelene R. Lindsay's Report & Recommendation ("R&R"), dated May 18, 2005, which found an enforceable settlement agreement ("Settlement Agreement") and required compliance with the provisions of Fed. R. Civ. P. 23.1 ("Rule 23.1") by directing, *inter alia*, that absent plan participants be notified of the Settlement Agreement.

After consideration of the entire record and a *de novo* review of the R & R, *see* Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1), this court adopts the R & R to the extent that it finds Rule 23.1 applicable to the ERISA § 502(a)(2) claims. However, as a result of a hearing held on January 5, 2006, this court finds that there is no enforceable Settlement Agreement.[1]

## Background[2]

After several aborted attempts to reach a settlement in this protracted litigation, the parties reached a Settlement Agreement before M.J. Lindsay on January 21, 2005. The material terms of

---

[1] The facts and circumstances developed at the hearing had not been raised before M.J. Lindsay.

[2] The underlying facts of this dispute are set forth in the R & R at pp. 1-4. Familiarity with those facts is assumed.

the Settlement Agreement were placed on the record and defendants agreed to calculate and disburse the value of plaintiffs' account balances in the Sol Spitz Co. Inc. Retirement Trust and Sol Spitz Co. Inc. Profit Sharing Plan (collectively "Pension Plans") using agreed upon dates. Soon after reaching this Settlement Agreement, defendants sought to rescind it, and plaintiffs cross-moved to enforce it. By Order dated April 20, 2005, this court referred the issue of the Settlement Agreement's enforceability to M.J. Lindsay.

In her R & R, Judge Lindsay found, in relevant part, that since the unqualified material terms of the Settlement Agreement were placed on the record by defendants at the settlement conference of January 21, 2005 ("Settlement Conference"), the parties had entered into a binding Settlement Agreement. Judge Lindsay determined that defendants' alleged grounds for rescission, namely, impossibility of performance and mutual mistake, failed for reasons she specified in the R & R. Further, M.J. Lindsay noted that neither party objected at the Settlement Conference when she announced that the case had been settled.

In addition to finding that defendants were bound by the Settlement Agreement reached at the Settlement Conference, M.J. Lindsay also found that, because plaintiffs asserted ERISA §§ 502(a)(2) and 502 (a)(3) claims in the complaint, plaintiffs were required to comply with Rule 23.1. Specifically, M.J. Lindsay directed plaintiffs to notify absent plan participants of the Settlement Agreement, since the Settlement Agreement would likely affect the absent plan participants' ability to recover.

Defendants timely objected to M.J. Lindsay's R & R on the ground that defendants had conditioned the Settlement Agreement on their actuary's approval. Lacking such approval, defendants had not agreed to agree. Defendants also objected to M.J. Lindsay's finding that the facts

2

as alleged failed to satisfy the standards for voiding an agreement based on impossibility of performance and mutual mistake.

Plaintiffs objected, in relevant part, to that portion of the R & R that found their ERISA claims subject to Rule 23.1.

Before determining whether to adopt the R & R, and, as a consequence, the Settlement Agreement, this court scheduled an evidentiary hearing for January 5, 2006 to assess the fairness, adequacy, and reasonableness of the disputed Settlement Agreement in light of plaintiffs' derivative claims.[3] *See* Rule 23.1; MANUAL FOR COMPLEX LITIGATION § 21.61 (4th ed. 2004).

At the hearing, despite this court's order, dated August 8, 2005, that the hearing was for, *inter alia*, the purpose of determining the fairness and adequacy of the Settlement Agreement, defendants proposed an entirely different settlement offer. This offer was rejected. (Tr. at 12-13.)[4]

All but one of the plaintiffs appeared at the hearing.[5] As the hearing developed, it quickly became apparent that plaintiffs's counsel, Robert Moore, Esq., had misconstrued the purpose of the hearing as well.[6] Plaintiffs were, therefore, not prepared to testify regarding Pension Plan details such as employment periods and the amount and duration of their contributions. Neither Mr. Moore nor Ms. Quesada, plaintiffs' attorney of record, had understood nor conveyed to plaintiffs that, under

---

[3] Originally, the court scheduled the hearing for October 27, 2005. However, neither side was prepared to proceed and, given the parties' schedules, the court adjourned the matter to January 5, 2006. See Docket Entry dated Nov. 9, 2005, *Rispler v. Spitz*, (E.D.N.Y. 2005) (No. 04-cv-1323).

[4] "Tr. at __" refers to the hearing transcript.

[5] At plaintiffs' counsel's request, dated Dec. 5, 2005, Plaintiff William G. Reynolds was excused from the hearing.

[6] On the day of the hearing, plaintiff's counsel, Victoria Quesada, Esq., was unable to appear for medical reasons. Hence, her partner and husband, Robert Moore, Esq., a non-ERISA lawyer, represented plaintiffs for purposes of the hearing. (Tr. at 2, 11.)

3

Rule 23.1, the non-suing plan participants could opt-in or opt-out of the Settlement Agreement thus diminishing the amount that each of the named plaintiffs would recover. (Tr. at 35, 37-38.) After explaining the effects that a non-suing plan participant's opting in would have on the Rule 23.1 Settlement Agreement, the court granted a brief recess to allow the parties to consider the Settlement Agreement further. (Tr. at 43-47, 51.) After the recess, plaintiffs indicated that they did not seek to enforce the Settlement Agreement on these terms. Plaintiffs also expressed concerns about the diminished available funds in the Pension Plans—funds that were unaccounted for and, they believe, improperly diverted. (Tr. at 47, 63.) Most importantly, Mr. Moore conceded, on more than one occasion, that enforcement of the settlement plan would harm the non-suing plan participants. (Tr. at 22, 23.)[7]

At the end of the hearing, this court adopted the R & R to the extent that it found Rule 23.1 applicable to the ERISA § 502(a)(2) claims, but did not approve the Settlement Agreement. This decision memorializes that finding and sets forth the court's reasoning.

## Discussion

A court may adopt those portions of a report and recommendation to which the parties do not object and with which the court finds no clear error. *See* Fed. R. Civ. P. 72(b)*; see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). However, the district court applies a *de novo* standard of review to those parts of the report to which any party objects. *See* Fed. R. Civ. P. 72(b). The district judge to whom the case is assigned shall consider such objections and shall adopt, modify, or set aside the magistrate judge's report. Fed. R. Civ. P. 72(b).

"Typically, settlement rests solely in the discretion of the parties, and the judicial system

---

[7] Plaintiffs' counsel had expressed this concern throughout the pendency of this litigation. (Tr. at 28.)

plays no role." *In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1025 (2d Cir. 1992). However, judicial approval is required in certain types of cases, such as in class or derivative actions. *Id.*; *see also* Fed. R. Civ. P. 23.1; MANUAL FOR COMPLEX LITIGATION § 13.14 (4th ed. 2004). Before approving a settlement in such cases, a district court must ensure that the terms of a settlement agreement are fair, reasonable, and adequate for all plaintiffs. *See Masters Mates*, 957 F.2d at 1025.

In her R & R, Judge Lindsay premised the application of Rule 23.1 on plaintiffs' assertion of ERISA § 502(a)(2) claims and on the language in the complaint claiming injury to the plan. Under § 502(a)(2), the only available relief is plan-wide relief; there is no private right of action. *See Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 105 S. Ct. 3085, 3089 (1985); *see also Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (noting that "[t]he Supreme Court held that the fiduciary duties imposed by Section 409 [made actionable pursuant to the civil enforcement provisions of § 502(a)(2)] run to a plan and not to individual beneficiaries."). Thus, in the Second Circuit, plaintiffs asserting § 502(a)(2) claims on behalf of the plan must do so via a derivative action. *See, e.g.*, *Diduck v. Kaszycki & Sons Contractors, Inc.*, 874 F.2d 912, 916 (2d Cir. 1989) (applying Rule 23.1); *cf. Fisher v. J.P. Morgan Chase & Co.*, 230 F.R.D. 370 (S.D.N.Y. 2005) (applying Fed. R. Civ. P. 23).

At the hearing, plaintiffs argued that Rule 23.1 does not apply to their claims because the parties settled pursuant to ERISA § 502(a)(1)(b) rather than § 502(a)(2): "[w]e have settled not under 502(a)(2) but under 502(a)(1)(b), which is a[n] [individual] benefit[s] claim. . . . To the extent, that's only to the extent that the report and recommendation in the language employed by Magistrate Lindsay has—implies or infers that this is a derivative settlement, we take exception to that." (Tr.

at 55.) However, a review of the complaint reveals that plaintiffs have asserted ERISA §§ 502(a)(2) and 502(a)(3), but not § 502(a)(1)(b) claims. As noted, § 502(a)(2) can only be brought derivatively. While individual claims are allowed under ERISA § 502(a)(3), such claims can only be brought for equitable relief–not monetary or compensatory damages. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255, 113 S. Ct. 2063, 2068 (1993) (limiting ERISA § 502(a)(3) claims to equitable relief); *Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065 (1996) (authorizing individual § 502(a)(3) claims). Given that plaintiffs seek compensatory and not equitable relief, ERISA § 502(a)(2) governs the Settlement Agreement and, therefore, Rule 23.1 applies.

Pursuant to Rule 23.1, in addition to assessing the Settlement Agreement's reasonableness, fairness, and adequacy for all plaintiffs, the court must also assess its impact on the rights of other potential plaintiffs as well. *In re WorldCom, Inc. ERISA Litigation*, 339 F. Supp. 2d 561, 567 (S.D.N.Y. 2004) (citing *Masters Mates*, 957 F.2d at 1025). Plaintiffs admitted, several times, that enforcement of the instant Settlement Agreement would leave the Pension Plans bereft of sufficient funds for other potential plaintiffs.[8] In light of the adverse impact the Settlement Agreement may have on the non-suing plan participants, and given the reservations expressed by the named plaintiffs over the possible diversion of funds and having their share of the Settlement Agreement reduced by non-suing plan participants opting-in, this court determines that the interests of all plan participants is better served by further litigation, rather than by the instant Settlement Agreement. Accordingly,

---

[8] "The reason, our position, the reason that the money that's in the plan now cannot cover, does not cover, the . . . [t]he plan participants who are not in the lawsuit is that this money has been diverted." (Tr. at 22.)

"[T]his settlement which was entered into by the parties and approved by the magistrate after a great deal of time, will not only—only harms the non-suing participants because the money that would be theirs has been diverted." (Tr. at 23.)

the court declines to adopt the Settlement Agreement.

## Conclusion

The court adopts M.J. Lindsay's R&R to the extent that Rule 23.1 applies to plaintiffs' ERISA § 502(a)(2) claims. However, the court finds that the Settlement Agreement is not enforceable.

This matter will proceed as a derivative action and is hereby referred to M.J. Lindsay for pre-trial purposes including directing plaintiffs to notify non-suing plan participants regarding the pendency of the instant action.


DATED:    Brooklyn, New York
              March 6, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge