UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARNOLD RISPLER et al.,                                 :
                Plaintiffs,                     :   **MEMORANDUM AND ORDER**
                                                :
       -against-                              :   04-CV-1323(DLI)(ARL)
                                                :
SOL SPITZ CO., INC. et al.,                            :
                Defendants.                     :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      By letter filed and served on September 20, 2006, plaintiff Dennis Dunlop, through counsel, made an application to the court for an emergency distribution of $7,500. (ECF docket no.141). Dunlop's letter explained that the $7,500 was urgently needed to "to help me get current on my basic expenses and to make payment on my vehicle so as not to put me into a repossession situation." (ECF docket no. 141-2). The letter noted that all other plaintiffs had been consulted by counsel and did not oppose the application. Defendants, however, took no position with respect to the request. Because of the urgency of Dunlop's request, the court shortened the usual ten-day period for defendants to respond to the application. *See* September 22, 2006 Order. Defendants' response was due by September 25, 2006 at 4:00 p.m. *Id.* Defendants failed to respond. Dunlop's request was granted. *See* September 25, 2006 Order.

      On September 25, 2006, after the 4:00 p.m. deadline had passed, defendants responded that they opposed the application unless "plan participants who are eligible to begin making withdrawals from their retirement accounts (including Mr. Spitz) are permitted to do so." (ECF docket no. 151). On September 26, 2006, understanding that they had asserted their opposition after the court ordered deadline, and therefore defaulted, defendants requested that the court "reconsider its September 25, 2006 order in light of our response." (ECF docket no. 152). Defendants' sole ground for

reconsideration is that they were unaware that the deadline was shortened. *Id.*

In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Here, the defendants are asking that the court excuse their inability to comply with court ordered deadline simply because they were unaware of it. (ECF docket no. 152). The court cannot grant defendants' motion to reconsider on such flimsy grounds. *Friedman v. State University of New York at Binghamton,* 06-cv-0399, 2006 WL 2882980 *4 (N.D.N.Y., October 6, 2006) ("law office failure in the face of clearly established . . .deadlines, as is the case here, rarely constitutes excusable neglect"); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[i]nadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'").

However, the court is aware that the Second Circuit has a more relaxed rule for motions to reconsider based on an initial default. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981) (noting that a default judgment is an "extreme sanction," which "must remain a weapon of last, rather than first, resort"); *Snall v. City of New York*, 97-CV-5204, 1999 WL 1129054 *2 (E.D.N.Y. October 19, 1999) ("[i]n order to encourage a decision on the merits, disputes in connection with a motion to vacate a default are resolved in favor of the party opposing default."). However, in applying this principal and considering the merits of defendants' claim despite the defendants' failure to comply with this court's order, the court finds defendants' motion to reconsider totally without merit.

The Second Circuit considers the following three factors in assessing the merits of a default

judgment: (1) the willfulness of the default; (2) whether the adversary would suffer prejudice if the default were set aside; and (3) whether the defaulting party has a meritorious defense. *Id.* Here, defendants fail to meet any of the three factors. First, the default was willful since defendants should have been aware of the deadline, but simply failed to respond to the application on time. Second, Dunlop is in urgent need of the $7,500 distribution and expects to receive it based on the September 25, 2006 Order (if he has not already received it). Dunlop would be severely prejudiced if the distribution was now denied. Finally, there is simply no merit to defendants' assertion that all the plan participants should be able to make withdrawals from the Sol Spitz Co, Inc. Retirement Trust, ("Trust") and/or the Sol Spitz Co., Inc. Profit Sharing Plan ("Plan") absent exigent circumstances. The Fund and the Trust are frozen for the benfit of all the plan participants (including Sheldon Spitz), pending the outcome of this action. The court will only entertain emergency applications, and will only provide an emergency distribution if there is a pressing reason to do so. Dunlop has demonstrated to the court's satisfaction that he is in dire financial straits and requires the emergency distribution. Spitz (and the other plan participants) have not demonstrated any such exigent circumstances.

Therefore, defendants motion to reconsider is denied in its entirety.

SO ORDERED.

DATED: Brooklyn, New York
October 23, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge