UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ARNOLD RISPLER, JOYCE ERKUS, ELLEN :
KELLER, ORAL WALWYN, GEORGE BROSSEAU, :
WILLIAM G. REYNOLDS, DENNIS A. DUNLOP, :
GARY INGOLDSBY, CLAUDIA McGEE, and :
CAROL LANZARONE RIPPE, : **SUMMARY ORDER**
: 04-CV-1323 (DLI) (ARL)
Plaintiffs, :
:
-against- :
:
:
SOL SPITZ CO, INC. RETIREMENT TRUST, :
SOL SPITZ CO., INC. PROFIT SHARING PLAN, :
SHELDON SPITZ, individually and as Trustee of the :
SOL SPITZ CO., INC. RETIREMENT TRUST and :
SOL SPITZ CO., INC. PROFIT SHARING PLAN, :
and as President of SOL SPITZ CO., INC., SOL SPITZ :
CO., INC., as Sponsor and Plan Administrator of the :
SOL SPITZ CO., INC. RETIREMENT TRUST and :
SOL SPITZ CO., INC. PROFIT SHARING PLAN, :
SCOTT M. ZUCKER, ANDREW B. SCHULTZ, :
DANZIGER & MARKHOFF, LLP, and :
CHRIS G. McDONOUGH, :
Defendants. :
:
------------------------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

On June 29, 2009, defendant Sheldon P. Spitz requested a stay of the non-hardship distributions, which are to be made pursuant to the August 11, 2008 Settlement Agreement, pending the resolution of his appeal before the Second Circuit. Although Spitz was represented by counsel in the underlying action, he proceeds *pro se* on this application. Plaintiffs strenuously oppose this request, contending that the appeal is frivolous as Spitz and his attorney had a substantial role in negotiating this settlement. Furthermore, Spitz, through retained counsel, approved the settlement at the June 4, 2008 Settlement Conference and again at the Fed. R. Civ. P. 23.1 Fairness Hearing on August 11, 2008. Plaintiffs further assert that the appeal and this application for a stay is part of

Spitz's continued reluctance to distribute funds belonging to plaintiffs from a pension plan entrusted to him. As a third ground for denying the stay, plaintiffs contend that Spitz failed to show that a stay is justified. The court agrees.

As the applicant for the stay, Spitz has the burden to show that: (1) he will be irreparably harmed absent a stay; (2) the issuance of a stay will not substantially injure the other parties interested in the proceedings; (3) the stay is in the public interest; and (4) he has a sufficient likelihood of success on appeal. *In re World Trade Center Disaster Site Litigation,* 503 F.3d 167, 170 (2d Cir. 2007) (citation omitted). Spitz did not address these considerations in his original request. (*See* June 29, 2009 Letter from Sheldon P. Spitz.) In deference to his *pro se* status, the court entered an order explaining to Spitz his burden with respect to this application and gave him until August 13, 2009 to explain why a stay is warranted. (*See* Court's July 31, 2009 Order.)

Spitz responded in a letter on August 9, 2009. In deference to his *pro se* status, the court reviewed the letter "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted). Even under this deferential standard, however, the court finds that a stay is unwarranted. As an initial matter, Spitz has not explained: (1) why he will probably prevail on appeal; and (2) how a stay will be in the interest of public policy. Therefore, his request must be denied for this reason alone.

Moreover, Spitz cannot show that he has any reasonable possibility of prevailing on appeal. This case was a derivative class action pursuant to Fed. R. Civ. P. 23.1. *Rispler v. Sol Spitz Co., Inc.*, 418 F. Supp. 2d 82 (E.D.N.Y. 2005). Spitz, through his retained counsel, unequivocally approved the proposed settlement at the June 4, 2008 Settlement Conference and again at the August 11, 2008 Fairness Hearing. It should be noted that Spitz and his attorney contributed substantially to the terms of the agreement and actively participated with the other parties during the

mediation of this case by the Special Master. Spitz, along with all of the parties, knowingly and voluntarily entered into the settlement agreement. In addition, none of the non-suing plan participants objected to the settlement. The court approved the settlement on the record pursuant to Rule 23.1, and the case has been closed. As such, the parties are bound by it. *See Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 128 (2d Cir. 2007) (citation omitted) ("When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect."). Accordingly, Spitz's request for a stay is denied.

SO ORDERED.

Dated: Brooklyn, New York
August 14, 2009

/s/
Dora L. Irizarry
United States District Judge