UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ARNOLD RISPLER, et al., :
:
          Plaintiffs, : **SUMMARY ORDER**
:
      -against- : 04-CV-1323 (DLI) (ARL)
:
SOL SPITZ CO., INC. RET. TRUST, et al., :
:
          Defendants. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      Familiarity with the facts and procedural history underlying this matter is presumed for the purposes of this Summary Order. Before the court is defendant Sheldon P. Spitz's motion to enjoin the distribution of the retirement plan funds and vacate the Settlement Agreement in this matter. Plaintiffs oppose the motion. Defendant argues that enjoining the distribution of the funds is appropriate because he is entitled to vacatur of the Settlement Agreement under Federal Rules of Civil Procedure 59(e) and 60(b). According to defendant, vacatur of the Settlement Agreement is appropriate because: (1) he did not have the capacity to enter into the Settlement Agreement; (2) the terms of the settlement did not accurately reflect his understanding of the agreement; and (3) his attorney did not have the authority to settle this matter upon terms defendant did not agree to. As discussed below, defendant is not entitled to vacatur under either Rule and, therefore, does not satisfy the criteria justifying the granting of injunctive relief. Accordingly, defendant's motion is denied in its entirety.

**DISCUSSION**

      To obtain a preliminary injunction or a temporary restraining order, the moving party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to

1

make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quotation marks omitted). "Whether injunctive relief should issue or not 'rests in the sound discretion of the district court.'" *Id.* (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)). The defendant cannot satisfy these requirements as his motion for reconsideration is untimely.

As an initial matter, defendant never identifies the specific subsection of Rule 60(b) he relies on. To the extent defendant relies on Rule 60(b)(1), (2) or (3), the motion filed July 27, 2010 is untimely because more than one year had passed since the court entered its Order of August 11, 2008 approving the Settlement Agreement. FED. R. CIV. P. 60(c)(1).

Under Rule 60(b)(6) a district court may relieve a party from an order for "any . . . reason that justifies relief." FED. R. CIV. P. 60(b)(6). "[A] Rule 60(b)(6) motion requires 'extraordinary circumstances,' which 'typically do not exist where the applicant fails to move for relief promptly.'" *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) (quoting 12 Moore's Federal Practice § 60.48[3][c]; *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 462 (2d Cir. 1994)). A motion under Rule 60(b)(6) must be made within a reasonable time. FED. R. CIV. P. 60(c)(1). What is reasonable entails a balancing of the reasons for the delay with the interest in finality of judgments and orders. *Grace*, 443 F.3d at 190 n.8.

The court entered its Order approving the Settlement Agreement at the August 11, 2008 Fairness Hearing at which the defendant and his counsel were present. Defendant waited until July 27, 2010 to file this motion for vacatur—almost two years later. Defendant does not set forth the basis for his delay in bringing this motion nor does he provide evidence justifying the delay. Notably, defendant does not argue that his purported medical condition somehow

prevented him from filing this motion earlier. Indeed, such a claim would be unavailing because, as described in more detail below, it is belied by the record.

Regarding finality of the settlement of this matter, throughout this case, the defendant has shown his propensity to negotiate settlements, with the assistance of counsel, only to renege on these carefully crafted settlement agreements at the last minute in an effort to hold on to monies that he allegedly purloined in violation of his fiduciary duty as trustee of the pension plan at issue in this case. This conduct and other factors prompted the court to appoint a special master to investigate the matter and, ultimately, at the request of *all* the defendants, including Mr. Spitz, to negotiate a settlement of this matter.

A simple review of the case's docket sheet and this court's Orders substantiates defendant's well documented history of belated protests to the instant Settlement Agreement. These protests include defendant's *pro se* motion to vacate the Settlement Agreement filed on March 1, 2009 and denied on March 17, 2009 (Docket Entry No. 218), defendant's June 29, 2009 *pro se* request for a stay of the distribution of plan funds denied by this court on August 14, 2009 (*Rispler v. Sol Spitz Co., Inc.*, 2009 WL 2496674), and his *pro se* appeal to the Second Circuit Court of Appeals, wherein he raised arguments similar to those raised in the instant motion. The Second Circuit rejected those arguments in determining that the Settlement Agreement was binding and dismissed his appeal.[1] *See Rispler v. Spitz*, 377 Fed. Appx. 111 (2d Cir. 2010).

---

[1] In the instant motion, defendant attempts to cure some of the deficiencies noted by the Second Circuit in its decision. However, the purpose of Rule 60(b) is not to provide a party another chance at litigating its case. *See Batac Dev. Corp. v. B & R Consultants, Inc.*, 2000 WL 307400, at *3 (S.D.N.Y. Mar. 23, 2000) ("A party may not . . . use Rule 60(b) . . . to relitigate matters already resolved by the court adversely to that party."). This is particularly true where, as here, the arguments and evidence presented in furtherance of reconsideration easily could have been presented by the movant at a much earlier date, including at the fairness hearing.

Because defendant has offered no justification for the delay in bringing the instant motion, and considering the interest in the finality of judgments and the prejudice the plaintiffs would suffer, and indeed have already suffered as a result of defendant's dilatory tactics, the court finds that defendant did not move within a "reasonable time."

In short, defendant's motion for reconsideration is untimely regardless of the subsection of Rule 60(b) he intended to rely on. Accordingly, the motion has absolutely no likelihood of succeeding on the merits.

Defendant also moves for vacatur under Rule 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Defendant did not identify the "judgment" he seeks to vacate in his initial moving papers.[2] However, it is clear that defendant seeks reconsideration of the court's Order approving the Settlement Agreement entered on August 11, 2008. Assuming the Order constitutes a "judgment" as defined by Rule 54(a), defendant's motion of July 27, 2010 was clearly filed outside the 28-day limitations period, and, therefore, has no chance of success on the merits.

One final matter deserves mention. In their opposition papers, plaintiffs ask the court to "consider an award of plaintiff's [sic] attorneys' fees for the time spent responding to this motion, the imposition of monetary sanctions against Mr. Spitz, and Rule 11 sanctions against his latest counsel for bringing it." (Opp'n at 6.) While the court will not entertain such an

---

[2] In subsequent briefing, the parties use the Mandate issued by the Second Circuit on June 18, 2010 in calculating the timeliness of the Rule 59(e) and 60(b) motions. As it is the decision of this court that is challenged by defendant, the Mandate is not an appropriate benchmark for timeliness under either Rule. Nor is it within the province of this court to enter a decision contrary to a holding by the Court of Appeals.

informal application at this time, plaintiffs are granted leave to file a formal motion seeking such relief.

## **CONCLUSION**

For the reasons set forth above, defendant's motion to enjoin the distribution of the retirement plan funds and vacate the Settlement Agreement in this matter is denied in its entirety. Plaintiffs are granted leave to file a formal motion seeking an award of attorneys' fees for the time spent responding to this motion, the imposition of monetary sanctions against Mr. Spitz, and Rule 11 sanctions against his latest counsel for bringing the instant motion.

SO ORDERED.

DATED:     Brooklyn, New York
               January 6, 2011

                                                       /s/
                                         DORA L. IRIZARRY
                                       United States District Judge